UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.: 10-80120-CIV-COHN/SELTZER

FEDERAL DEPOSIT INSURANCE
CORPORATION, as Receiver for
Hillcrest Bank Florida

    Plaintiff,

vs.

610 CLEMATIS RETAIL PROPERTIES,
LLC, a dissolved Florida limited liability
Company; ILIA MOGILEVSKY, et. al.

    Defendants.
_____/

## DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO PLAINTIFF'S COUNT I, COUNT II AND COUNT III OF PLAINTIFF'S COMPLAINT AND VERIFIED STATEMENT OF MATERIAL FACTS

Defendants, 610 CLEMATIS RETAIL PROPERTIES, LLC and ILIA MOGILEVSKY (collectively hereinafter "610 CLEMATIS") by and through undersigned counsel pursuant to Federal Rule of Civil Procedure 56(c) and Local Rule 7.5, hereby files their Memorandum in Opposition of Motion for Partial Summary Judgment as to Plaintiff's Count I, Count II and Count III of Plaintiff's Complaint and Statement of Material Facts.

### STATEMENT OF MATERIAL FACTS

1.    There is a genuine issue as to material facts as to Counts I, II, and III of Plaintiff's Complaint, and Plaintiff's Motion for Partial Summary Judgment should be denied. Fed.R.Civ.P. 56(c)

1

2. 610 CLEMATIS is currently the owner of certain real property consisting of Units CU-2, CU-3, CU-4 and CU-5, of 610 CLEMATIS, a Condominium, according to the Declaration thereof, as recorded in Official Records Book 19653, Page 0383, of the Public Records of Palm Beach County, Florida, together with an undivided share in the common elements appurtenant thereto ("Property").

3. HILLCREST BANK FLORIDA ("HILLCREST") became aware of 610 CLEMATIS' need to refinance the existing debt on the Property and solicited 610 CLEMATIS in order to offer funding to refinance the Property.

4. 610 CLEMATIS applied for and was approved for a loan in the principal amount of TWO MILLION THREE HUNDRED THOUSAND AND NO/100 DOLLARS ($2,300,000.00) the terms of which were more particularly set forth in a Promissory Note, and Mortgage and Security Agreement dated December 17, 2007 ("Loan Documents").

5. Prior to the closing and during HILLCREST'S solicitation of 610 CLEMATIS, HILLCREST represented to 610 CLEMATIS that the interest rate for the subject loan would be based upon the "Prime Rate" plus three quarters of one percent (.75%), which is reflected within Paragraph (B) of the Promissory Note ("Note") [See Plaintiff's Verified Motion for Partial Summary Judgment attached hereto as Exhibit "A"].

6. The Hillcrest Bank Loan closed on December 17, 2007, and a maturity date of December 17, 2010 was set forth within the Note.

7. Since the effective date on the Note, Plaintiff charged Defendant a fixed interest rate of 8% when the interest rate set forth within the Note refers to an annual rate of interest equal to the sum of (i) the prime rate of interest, plus (ii) three quarters of one percent (.75%).

8. 610 CLEMATIS inquired as to the calculation of the applicable interest rate on the loan in that the loan mortgage statements continued to erroneously reflect an interest rate of eight percent (8.0%) which has and continues to exceed the calculation of the "Prime Rate" plus three quarters of one percent (.75%). [See Plaintiff's Verified Motion for Partial Summary Judgment attached hereto as Exhibit "A"].

9. Notwithstanding 610 CLEMATIS' attempts to have HILLCREST adjust the interest to the proper variable rate, HILLCREST failed to comply. HILLCREST refused to properly adjust the calculation based upon the agreed upon interest rate of "Prime Rate" plus three quarters of one percent (.75%).

10. Due to HILLCREST's failure to properly charge the agreed upon interest rate, 610 CLEMATIS was in doubt as to its rights to rely upon the terms of the Note.

11. HILLCREST admits and concedes for purposes of HILLCREST's instant Motion for Partial Summary Judgment that 610 CLEMATIS' interest rate under the terms of the Note should have adjusted periodically to a percentage equal to the defined interest rate of "Prime Rate" plus three quarters of one percent (.75%) (See Plaintiff's Memorandum of Law and Statement of Uncontested Facts Regarding Motion for Partial Summary Judgment page 3, paragraph 2).

12. On or around October, 2009, HILLCREST failed as a financial institution forcing the Federal Deposit Insurance Corporation to assume control over certain assets of HILLCREST as appointed receiver, including the loan involving 610 CLEMATIS. For purposes of the instant memorandum, the FDIC and HILLCREST shall collectively be referred to as "HILLCREST."

## **LEGAL STANDARD AND ARGUMENT**

Summary judgment should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The moving party bears the burden of meeting this standard. See *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). In determining whether summary judgment is appropriate, the facts and inferences from the facts are viewed in the light most favorable to the non-moving party, and the burden is placed on the moving party to establish both the absence of a genuine issue of material fact that it is entitled to judgment as a matter of law. See *Matsushita Elec. Indus. V. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

The plain language of Rule 56(c) mandates the entry of summary judgment after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L. Ed. 2d 265 (1986). The appropriate substantive law will guide the determination of which facts are material and which facts are...irrelevant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. See *Fitzpatrick v. City of Atlanta,* 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." See *Anderson,* 477 U.S. at 248.

There are genuine issues of material fact that preclude the entry of Summary Judgment with regard to Counts I, II, and III Plaintiff's Complaint.

4

## COUNTS I AND II

### (Promissory Note and Foreclosure)

Plaintiff's foreclosure action (Count II) is based on a breach of the Promissory Note (Count I) which in essence is a breach of contract claim. In order to make a claim for a breach of a Promissory Note a Plaintiff must show: **(1)** Plaintiff and defendant entered a valid contract; **(2)** Defendant committed a material breach of the contract; and **(3)** Plaintiff suffered damages caused by defendant's breach. In addition, to maintain a breach of contract action a claimant must first establish performance on its part of the contractual obligations imposed in the contract. *Babe, Inc. v. Babies Formula Services, Inc.*, 165 So. 2d 795 (Fla. 3rd DCA 1964); *Marshall Construction, Ltd. and The Continental Insurance Company v. Coastal Sheet Metal & Roofing, Inc.*, 569 So. 2d 845; 1990. Ambiguities contained in a contract are to be construed against the drafter. *Troup v. Heacock,* 367 So. 2d 691 (1st DCA 1979)/

Plaintiff's Motion for Partial Summary Judgment must be denied as issues of material fact exist as to whether 610 CLEMATIS in fact entered into a valid agreement, whether 610 CLEMATIS defaulted under the Note, and whether HILLCRECT established performance on its part of the contractual obligations imposed by the Note.

Plaintiff states in *Plaintiff's Memorandum of Law and Statement of Uncontested Facts Regarding Motion for Partial Summary Judgment* page 3, paragraph 2 that "For purposes of summary judgment only, the FDIC is willing to concede this point [that the interest rate should have been based on the Prime Rate plus .75%], as it is relatively minor in the grand scheme of things." However, HILLCREST's assertions cannot be further from the truth as this concession is the most relevant issue in this matter and this admission in

and of itself precludes summary judgment.

HILLCREST'S admission, for purposes of the instant Motion for Partial Summary Judgment, that it overcharged 610 CLEMATIS, acts as both a material breach and a default by HILLCREST under the subject Note and Loan Documents. HILLCREST admits for purposes of its Motion for Partial Summary Judgment that it committed a material breach of the contract by intentionally charging 610 CLEMATIS the incorrect interest rate under the Loan Documents without the consent of 610 CLEMATIS. Based upon these admitted facts as a backdrop, HILLCREST demanded a payment from 610 CLEMATIS that was never originally bargained for, and therefore HILLCREST unilaterally changed the terms of the contract without the consent of 610 CLEMATIS. As a result of HILLCREST's unilateral change of the terms of the Note, HILLCREST materially breached the Loan Documents, i.e., the Note, rendering the Note and consequently the Mortgage unenforceable against 610 CLEMATIS. Pursuant to Florida contract law, this material breach of the Note excused 610 CLEMATIS' obligation to pay HILLCREST until the proper amount was calculated, charged, and a default occurs on such newly charged amount. *Troup v. Heacock,* 367 So.2d 691 (Fla. 1st DCA 1979) *See Beefy Trail, Inc. v. Beefy King Int'l, Inc.*, 267 So.2d 853 (Fla. 4th DCA 1972). Such action by HILLCREST had the legal effect of releasing 610 CLEMATIS from any obligation to HILLCREST under the terms of the Note. 7 Fla.Jur. "Contracts", Sections 164, 175. The Note having been materially altered and breached by HILLCREST, it follows that HILLCREST's claims are invalid and a material issue of material fact exist as to whether 610 CLEMATIS had any further liability under the Loan Documents. *Troup v. Heacock,* 367 So. 2d 691.

HILLCREST refused to charge the correct interest rate even after it was confronted

by 610 CLEMATIS to remedy the error. Instead of curing its own material breach HILLCREST improperly accelerated the loan. However, the material breach by HILLCREST acts as a waiver of any right it may have otherwise had to accelerate the loan and to demand immediate repayment from 610 CLEMATIS. If 610 CLEMATIS had no further liability under the of the Loan Documents, then it follows that HILLCREST improperly accelerated 610 CLEMATIS's mortgage and therefore has failed to comply with all conditions precedent to the filing of this lawsuit and is otherwise before the court with unclean hands. *Babe, Inc. v. Babies Formula Services, Inc.*, 165 So. 2d 795 (Fla. 3rd DCA 1964); *Marshall Construction, Ltd. and The Continental Insurance Company v. Coastal Sheet Metal & roofing, Inc.*, 569 So. 2d 845 (1st DCA 1990). A court of equity may refuse to foreclose a mortgage when an acceleration of the due date of the debt would be an inequitable or unjust result, and the circumstances would render the acceleration unconscionable. *Federal Home Loan Mortgage Corporation v. Taylor*, 318 So. 2nd 203 (1st DCA 1975).

If 610 CLEMATIS did not default under the Note due to HILLCREST'S own material breach and unclean hands, then if follows that HILLCREST did not have the legal authority to accelerate the terms of the Note. Because HILLCREST improperly accelerated the loan, it cannot maintain a breach of contract action as it cannot establish performance on its part of the contractual obligations imposed in the contract, and therefore it would not be entitled to foreclosure on the Property, nor would it be entitled to a money judgment under the Note. Because HILLCREST fails to meet its burden of proof with regard to the conditions precedent under the mortgage, a material issue of fact exists, and HILLCREST is not entitled to partial summary judgment of for Counts I and II of its Complaint.

In addition, HILLCREST cannot establish damages under the facts of this case; it is 610 CLEMATIS who has been damaged in as much as it has incurred interest charges far in excess of what was originally bargained for. 610 CLEMATIS has and will continue to suffer damages as a result of excess interest being assessed against it by HILLCREST. The plain language of Rule 56(c) mandates the entry of summary judgment after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)

Moreover, even if HILLCREST retracts its concession that 610 CLEMATIS is correct as to the interest rate, the interest rate contained within the Note is ambiguous as it purports to be set at a fixed annual rate of eight percent (8%), but yet strangely provides a formula as to how it is to be calculated and adjusted during the term of the loan. Fixed interest rates need not be described with an index along with a margin calculation if the interest rate was meant to be fixed. Including such a formula in the Note strongly suggests the interest rate was meant to be variable in nature, namely the Prime Rate plus .75%, not 8.0% as was actually charged 610 CLEMATIS by HILLCREST. The Note prepared by HILLCREST was submitted to 610 CLEMATIS at closing, together with a large number of other documents to be reviewed and 610 CLEMATIS did not discover such ambiguities contained in the Note until after it began receiving invoices from HILLCREST for interest due on the Property. Ambiguities contained in a contract are to be construed against the drafter. *Troup v. Heacock,* 367 So. 2d 691 (1st DCA1979). In this matter, the Note was drawn by HILLCREST and, therefore, the ambiguities contained therein are to be

construed against it and in favor of 610 CLEMATIS. Wherefore, HILLCREST is obligated to return all sums of interest that have been overpaid to date to 610 CLEMATIS, together with prejudgment interest upon such sums determined to be due.

WHEREFORE, Plaintiff's Motion for Partial Summary Judgment must be denied with regard to Counts I and II as issues of material fact exist which preclude summary judgment in HILLCREST's favor.

## **COUNT III**

### **(Guarantee)**

When HILLCREST refused to correct the amount of interest to be charged under the Note, it committed a material breach of the Note. 610 CLEMATIS was entitled to treat the breach as a discharge of its duty to pay HILLCREST until such time as HILLCREST fulfilled its contractual duties. See *Beefy Trail, Inc. v. Beefy King Int'l, Inc.*, 267 So.2d 853 (Fla. 4th DCA 1972); *Troup v. Heacock,* 367 So.2d 691 (Fla. 1st DCA 1979). 610 CLEMATIS was completely justified in determining that a material breach of the Loan Documents had occurred. As a result of Plaintiff's breach of the Promissory Note, no duties or obligations have been triggered under the Guaranty.

The contract having been materially altered and breached by HILLCREST, it follows that HILLCREST's claims are invalid and a material issue of material facts exist as to whether ILIA MOGILEVSKY's had any liability as Guarantor under the loan documents. *Robert Troup v. J.M. Heacock Insurance, Inc.,* 367 So. 2d 691; 1979

WHEREFORE, Plaintiff's Motion for Partial Summary Judgment must be denied with regard to Counts III as issues of material fact exist which preclude summary judgment in HILLCREST's favor.

9

## CERTIFICATE OF SERVICE

I hereby certify that on March 9, 2010, the foregoing document was served this day to: James S. Telepman, Esq. at Cohen, Norris, Scherer, Weinberger & Wolmer, 712 U.S. Highway One, Suite 400, North Palm Beach, Florida 33408.

                                     KORTE & WORTMAN, P.A.
                                     swortman@kwlawfirm.com
                                     2041 Vista Parkway, Suite 102
                                     West Palm Beach, Florida 33411
                                     Tel: 561-228-6200
                                     Fax: 561-245-9075
                                     By: s/ Scott J. Wortman, Esq.
                                     Florida Bar No.:0454222