IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.:   10-80120-CIV-COHN/SELTZER

FEDERAL DEPOSIT INSURANCE
CORPORATION, as Receiver for Hillcrest
Bank Florida,

       Plaintiff,

vs.

610 CLEMATIS RETAIL PROPERTIES, LLC,
a dissolved Florida limited liability company,
ILIA MOGILEVSKY, individually, 610 CLEMATIS
CONDOMINIUM ASSOCIATION, INC., and
I.M. ELECTRIC, INC.,

       Defendants.

_____/

**ORDER GRANTING AGREED MOTION TO STRIKE PORTIONS OF COUNTERCLAIM**
**ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**
**ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

      **THIS CAUSE** is before the Court upon Plaintiff's Agreed Motion to Strike Portions

of Defendants 610 Clematis Retail Properties, LLC and Ilia Mogilevsky's Second

Answer, Affirmative Defenses and Counterclaim [DE 11], Plaintiff's Motion for Partial

Summary Judgment as to Counts I, II and III of its Complaint [DE 10], and Defendants

610 Clematis Retail Properties, LLC and Ilia Mogilevsky's Motion for Partial Summary

Judgment as to Count IV of the Complaint [DE 22].  The Court has carefully considered

the motions and responses [DE's 21 and 26] to the motions for partial summary

judgment and is otherwise fully advised in the premises.[1]

---

[1]  No reply memoranda were filed as to either motion.

## I.  BACKGROUND

Hillcrest Bank Florida ("Plaintiff" or "Bank") originally brought this action in state court against 610 Clematis Retail Properties, LLC ("Borrower"), its principal, Ilia Mogilevsky, and potential claimants 610 Clematis Condominium Association, Inc. and I.M Electric, Inc.  The Bank's complaint contains claims for breach of a promissory note of $2.2 million by Borrower (Count I), foreclosure of a first mortgage (Count II), breach of a personal guaranty by Ilia Mogilevsky (Count III), and fraud against Mogilevsky for statements he made in his personal financial statement regarding properties he allegedly owned at the time of the execution of the promissory note in this case.  See Complaint [DE 1-1; pp. 1-6].  Borrower and Mogilvesky filed a Second Answer, Affirmative Defenses and Counterclaim, asserting counterclaims against Plaintiff, specifically a claim for a declaratory judgment regarding the interest rate on the loan (Count I), breach of contract and breach of implied covenant of good faith and fair dealing (Count II), and reformation of the promissory note (Count III) [DE 1-2, pp. 7-21]. The 610 Clematis Condominium Association filed their own Answer to the Complaint [DE 1-4, pp. 57-58], but is not an active participant in the case.  See Removal Status Report, fn. 1 [DE 6].   I.M Electric was defaulted in the state court.  Id.

The Federal Deposit Insurance Corporation ("FDIC" or "Plaintiff") took over Plaintiff Hillcrest Bank as Receiver and then removed this action to this Court.  The FDIC moves for partial summary judgment on Counts I, II, and III of its Complaint, while Defendant Mogilvesky moves for partial summary judgment as to Count IV of Plaintiff's Complaint.  The parties have also filed an agreed motion to strike certain paragraphs

2

and Count IV of the Counterclaim.

## II. DISCUSSION

### A.  Summary Judgment Standard

The Court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact."  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  To discharge this burden, the movant must point out to the Court that there is an absence of evidence to support the nonmoving party's case.  Id. at 325.

After the movant has met its burden under Rule 56(c), the burden of production shifts and the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts."  Matsushita Electronic Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  According to the plain language of  Fed. R. Civ. P. 56(e), the non-moving party "may not rest upon the mere allegations or denials of the adverse party's pleadings," but instead must come forward with "specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 587.

Essentially, so long as the non-moving party has had an ample opportunity to conduct discovery, it must come forward with affirmative evidence to support its claim.

3

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).  "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be a sufficient showing that the jury could reasonably find for that party."  Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990).  If the evidence advanced by the non-moving party "is merely colorable, or is not significantly probative, then summary judgment may be granted."  Anderson, 477 U.S. at 249-50.

## B.  Plaintiff's Motion

The FDIC has moved for partial summary judgment on its own claims that the Borrower and individual guarantor, Ilia Mogilevsky, have failed to make payments on the note since August 17, 2008, and now owe the FDIC the accelerated balance.  There appears no dispute that the loan closed on December 17, 2007, was made to refinance the 610 Clematis property, was secured by a mortgage on that property, that Ilia Mogilvesky executed an Unconditional Continuing Guaranty of the loan obligations, and that not all payments were made.[2]  The Note required monthly payments of interest only for three years, until the maturity date of December 17, 2010, at which time the outstanding principal balance was due, plus any remaining interest.

Defendants argue that Plaintiff was charging a fixed interest rate of 8.0%, rather than the lower variable rate agreed to in the Promissory Note of the prime rate plus

---

[2]  The Court notes that Defendants 610 Clematis and Ilia Mogilevsky failed to comply with Local Rule 7.5(c) requiring statements of material fact filed in opposition to a motion for summary judgment to correspond with the order and with the paragraph numbering scheme used by the moving party.  This Rule makes it far easier for the Court to determine what facts are actually disputed.

three quarters of one percent.  For purposes of its motion for summary judgment, Plaintiff concedes that Defendants are correct regarding the interest rate, but that it is a minor point resulting in only a $19,742.01 reduction in the balance owed of over $2.4 million in principal, interest, late charges and appraisal fee.[3]  The Note states that the interest "shall be a fixed annual rate of interest of Eight Percent (8.00%) which percentage is equal to the sum of (i) the Prime Rate of Interest, plus (ii) three quarters of one percent (0.75%)."  Exhibit A to Plaintiff's Verified Motion for Partial Summary Judgment [DE 10-1].  Any ambiguity in this Note should be construed against the draftor.  Continental Cas. Co. v. Wendt, 205 F.3d 1258, 1261 -1262 (11th Cir. 2000); Troup v. Heacock, 367 So. 2d 691, 692 (Fla. Dist. Ct. App. 1979).

Defendants assert that Plaintiff first breached the contract by charging an inflated interest rate, thus excusing Defendants' obligation to pay because the contract was no longer valid.  Defendants also argue that Plaintiff's refusal to correct the interest rate was a material breach of the contract and effected a waiver of Plaintiff's right to accelerate Defendants' payments.  However, none of the cases relied upon by 610 Clematis involved the obligation to pay back a loan to a bank.

"To constitute a vital or material breach, a party's nonperformance must 'go to the essence of the contract.'"  Covelli Family, L.P. v. ABG5, L.L.C., 977 So. 2d 749, 752 (Fla. Dist. Ct. App. 2008), quoting Beefy Trail, Inc. v. Beefy King Int'l, Inc., 267 So. 2d 853, 857 (Fla. Dist. Ct. App. 1972).  The court in Beefy Trail, a case relied upon by Defendants (involving a dispute between a franchisor and franchisee), also stated that

---

3

"it must be the type of breach that would discharge the injured party from further contractual duty on his part." Id., (citing Corbin on Contracts, Vol. 5, § 1104).

Upon a review of the record, the Court concludes that there are no disputed issues of fact that would preclude summary judgment. Plaintiff Bank charged 8% interest pursuant to one interpretation of the plain language of the Promissory Note. While that interpretation is not the best interpretation given legal rules regarding construing ambiguities against the draftor of a contract, the Bank's actions are not a material breach of the agreement. The fact that the Bank now concedes for purposes of this motion that the alternative interest rate language of prime plus 0.75% can be used by this Court does not turn their prior actions into a material breach. In no way can the Bank's action be construed as a material breach that excused Defendants' obligation to pay even the lower amount.

Defendants also argue that the Court has discretion to reject acceleration of the balance due as unconscionable under the circumstances. Fed. Sav. & Loan Corp. v. Two Rivers Assoc., Inc., 880 F.2d 1267, 1272 (11th Cir. 1989); Fed. Home Loan Mortgage Corp. v. Taylor, 318 So. 2d 203 (Fla. Dist. Ct. App. 1975). In Taylor, the Florida court affirmed a trial court's determination that accelerating a mortgage was unconscionable where after "nearly three years of regular payments, there was one lapse of a month plus 20 days in making a payment followed by a three month lapse but immediately afterwards there were paid three installments with late charges." 318 So. 2d at 208. The individual borrowers in Taylor had fallen behind because the head of household was on military duty in the Phillippines, and their daughter required

hospitalized in the United States.  Id.  Under those hardships, the court rejected acceleration as unconscionable, while noting that these facts still did not excuse payment.  Though this Court recognizes it has the authority to reject acceleration as unconscionable, the undisputed facts of the case at bar do not merit use of such discretion.

The Court therefore concludes that Plaintiff is entitled to partial summary judgment on Counts I, II and III of its Complaint.   The Court will reserve issuing a judgment until the remaining claims are adjudicated.


### C.  Defendant's Motion as to Count IV

Defendants 610 Clematis and Ilia Mogilevsky move for partial summary judgment on the fraud claim in Count IV of the Complaint.  The elements of a fraud claim include: "(1) a false statement concerning a material fact; (2) the representor's knowledge that the representation is false; (3) an intention that the representation induce another to act on it; and, (4) consequent injury by the party acting in reliance on the representation." Johnson v. Davis, 480 So. 2d 625, 627 (Fla. 1985).  Defendants argue that because Mogilevsky did not sign the personal financial statement until after the closing, Plaintiff could not reasonably rely upon the document when it lent the money to Defendants. Defendants cite to deposition testimony of Plaintiff's loan officer, Lon Gopie, to support this argument.

In opposition, Plaintiff asserts that the statement contained false information regarding Mogilevsky's ownership interests in certain real properties and that the date of

7

signing of the statement was a mere formality.  Plaintiff argues that Mogilevsky's representation to its loan officer, however communicated, that he owned those properties at the time of underwriting of the loan, when in fact he had transferred ownership of both properties months before, is sufficient for its fraud claim.  In the alternative, Plaintiff asks this Court to consider a motion to amend the pleadings to conform to recent discovery, treat the motion for partial summary judgment as a motion to dismiss, and allow Plaintiff to amend its fraud claim in Count IV.[4]

The Court concludes that Defendants are not entitled to partial summary judgment as to Count IV.  There are disputed issues of fact as to Plaintiff's reliance on the representations in the statement and the origin of those statements.

## III.  CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1.    Plaintiff's Agreed Motion to Strike Portions of Defendants 610 Clematis Retail Properties, LLC and Ilia Mogilevsky's Second Answer, Affirmative Defenses and Counterclaim [DE 11] is hereby **GRANTED**;

2.    Paragraphs 8, 10 of the Second Answer and all of Count IV of the Amended Counterclaim, filed by the Defendants in state court and located in DE 1-2, pp. 12-13, 19-20 are hereby **STRICKEN**;

---

[4]  This request was made within Plaintiff's Response [DE 26] on April 1, 2010, while the pleading amendment deadline was April 23, 2010.  Defendants did not file a reply.  Plaintiff eventually filed a separate motion to amend Count IV on May 18, 2010 [DE 28], which the Court will address in a separate order.

3.      Plaintiff's Motion for Partial Summary Judgment as to Counts I, II and III of its

Complaint [DE 10] is hereby **GRANTED**;

4.      Defendants 610 Clematis Retail Properties, LLC and Ilia Mogilevsky's Motion for

Partial Summary Judgment as to Count IV of the Complaint [DE 22] is hereby

**DENIED**.

**DONE AND ORDERED** in Chambers, at Fort Lauderdale, Broward County,

Florida, this 20th day of May, 2010.

JAMES I. COHN
United States District Judge

Copies furnished to:

counsel of record on CM/ECF