IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.:   10-80120-CIV-COHN/SELTZER

FEDERAL DEPOSIT INSURANCE
CORPORATION, as Receiver for Hillcrest
Bank Florida,

    Plaintiff,

vs.

610 CLEMATIS RETAIL PROPERTIES, LLC,
a dissolved Florida limited liability company,
ILIA MOGILEVSKY, individually, 610 CLEMATIS
CONDOMINIUM ASSOCIATION, INC., and
I.M. ELECTRIC, INC.,

    Defendants.
_____/

## ORDER DETERMINING INTEREST RATES FOR FORECLOSURE JUDGMENT

**THIS CAUSE** is before the Court upon the competing contentions of the Federal Deposit Insurance Corporation ("FDIC" or "Plaintiff") and Defendant 610 Clematis Retail Properties, LLC ("Borrower") regarding the amount of interest to be charged in the otherwise stipulated foreclosure judgment.  The Court has carefully considered Defendant 610 Clematis Retail Properties, LLC's Trial Brief [DE 62], and the argument of Plaintiff and Defendant's counsel at an evidentiary hearing held on February 18, 2011, and is otherwise fully advised in the premises.

I.  BACKGROUND

Hillcrest Bank Florida ("Plaintiff" or "Bank") originally brought this action in state court against 610 Clematis Retail Properties, LLC ("Borrower"), its principal, Ilia Mogilevsky, and potential claimants 610 Clematis Condominium Association, Inc. and

I.M Electric, Inc.  The Bank's complaint contains claims for breach of a promissory note of $2.2 million by Borrower (Count I), foreclosure of a first mortgage (Count II), breach of a personal guaranty by Ilia Mogilevsky (Count III), and fraud against Mogilevsky (Count IV) for statements he made in his personal financial statement regarding properties he allegedly owned at the time of the execution of the promissory note in this case.  See Complaint [DE 1-1; pp. 1-6].  The Federal Deposit Insurance Corporation ("FDIC" or "Plaintiff") took over Plaintiff Hillcrest Bank as Receiver and then removed this action to this Court.  The Court previously granted the FDIC's motion for partial summary judgment on Counts I, II, and III of its Complaint.

On the eve of trial, Defendants 610 Clematis Retail Properties, LLC ("Borrower"), and its principal, Ilia Mogilevsky, filed for bankruptcy [DE 52].  The Court entered a stay of this case [DE 54].  Plaintiff received stay relief to "complete its foreclosure action" in this case "with respect to Debtor's [610 Clematis] interest in the real property."  January 3, 2011 Order of Bankruptcy Court [DE 58-1].  The Bankruptcy Court further stated that "This Order is intended to grant FDIC full stay relief with respect to this Debtor and the property described above."  Id.

Upon Plaintiff's motion, this Court then set a final foreclosure hearing [DE 59].  Plaintiff FDIC filed a notice that the parties reached "a settlement on all matters with the exception of the rates of interest to be applied to the loan in question both before and after the agreed upon date of default, and the concomitant amounts due Plaintiff both pre- and post-default."  Plaintiff's Notice of Filing Witness List for Trial [DE 60].  The Court then proceeding to hold an evidentiary hearing regarding the proper interest rates [DE 63].

2

II. DISCUSSION

### A.  Pre-Default Rate

Plaintiff contends that the pre-default interest rate should be fixed at 8% per the plain language of the parties' contract ("Note").  Defendant argues that because the Note also describes the interest rate by a formula that results in a lower rate, the lower rate should be used.  The Note itself states that the interest "shall be a fixed annual rate of interest of Eight Percent (8.00%) which percentage is equal to the sum of (I) the Prime Rate of Interest, plus (ii) three quarters of one percent (0.75%)."  Plaintiff's Exhibit 1 (filed in CM/ECF as Exhibit A to Plaintiff's Verified Motion for Partial Summary Judgment [DE 10-1]).

This language is open to two reasonable interpretations, first that the rate is fixed at 8%, and a second that the rate is equal to the formula described in the Note.  Plaintiff points to extrinsic evidence from Hillcrest Bank's loan file ("booking sheet") that the parties intended the rate to be fixed at 8%. Plaintiff's Exhibit 3.  However, this document appears to be an internal Bank document, not signed or acknowledged by the Borrower, and therefore only reflects the Bank's intent.  Thus, though "the rule of adverse construction is a 'secondary rule of interpretation' or a 'rule of last resort,' which should not be utilized if the parties' intent can otherwise be conclusively determined," Plaintiff has not shown that both parties' intent can be conclusively determined.  Emerald Pointe Property Owners' Ass'n, Inc. v. Commercial Const. Industries, Inc., 978 So.2d 873, 878, n.1 (Fla. Dist. Ct. App. 2008) (quoting DSL Internet Corp. v. TigerDirect, Inc., 907 So.2d 1203, 1205 (Fla. Dist. Ct. App. 2005)).

Therefore, the Court concludes that the Note language is ambiguous because it contains both the term "fixed," as well as a formula based upon the Prime Rate of

Interest, which is a variable rate.  Any ambiguity in this Note should be construed against the draftor.  Continental Cas. Co. v. Wendt, 205 F.3d 1258, 1261 -1262 (11th Cir. 2000); Troup v. Heacock, 367 So. 2d 691, 692 (Fla. Dist. Ct. App. 1979).  It clearly was within the Bank's control to draft the Note with more precise language.[1]  Thus, the pre-default interest rate  shall be the Prime Rate of Interest plus 0.75%, for a resulting amount of $19,742.01.[2]

### B.  Post-Default Rate

The parties also dispute the appropriate post-default rate of interest.   Here, Plaintiff asserts that because the Note states: "After the maturity or due date of this Note through acceleration or otherwise, interest shall accrue on the outstanding principal balance unpaid at the highest lawful rate until paid."  Note, p. 2.  Although the highest rate on such a loan is 25%, Plaintiff seeks 18% post-default interest.[3]

Defendant argues that the plain language of the Note results in a post-default rate of 5%.  The Note states that: "A late charge equal to five percent (5%) of the payment amount shall be assessed for each payment not received at the principal office of Bank by the [payment date]. . . ."  Id.  However, the plain language makes clear that this 5% figure is not an interest rate but in fact a "late charge."  Thus, 5% cannot be the post-

---

[1] Defendant asserts that Plaintiff is judicially estopped from arguing in favor of an 8% interest rate because earlier in this action, Plaintiff conceded that Defendants were correct regarding the interest rate.  However, this concession was clearly made solely for purposes of Plaintiff's motion for summary judgment [DE 29 at pp. 5-6], and does not bind the Plaintiff at this juncture of the action.

[2] For calculation of this amount of money, given the various changes to the Prime Rate of Interest, Defendant cites to Plaintiff's calculations contained in the prior Motion for Partial Summary Judgment at ¶¶ 4-6 [DE 10].  The Court adopts these calculations.

[3] Counsel for Plaintiff also stated that because the balance was accelerated, Plaintiff was not seeking a separate late charge.

default interest rate.

Defendant makes a second argument that the post-default rate is 8% based upon Plaintiff's admission and representation in its Complaint that the interest is accruing on the outstanding balance at a daily rate of $488.88 (which computes to an 8% interest rate).  Complaint, ¶ 13 [DE 1-1].  Defendant contends that Plaintiff is bound by that statement in its pleading.  Cooper v. Meridian Yachts, Ltd., 575 F.3d 1151, 1177 (11th Cir. 2009).  Plaintiff notes the Cooper decision involved an answer to a complaint wherein a defendant admitted a certain fact, while asserting that a complaint is not binding upon a party as its not an admission.

The Court concludes that the Note does not fix a particular post-default rate of interest.  However, while Plaintiff may be technically correct regarding the distinction between factual assertions in an answer versus a complaint, in this case, the Plaintiff having pled a particular amount of accruing interest, having repeated that $488.88 figure in its Motion for Partial Summary Judgment [DE 10] and then not discussing the issue in the Joint Pretrial Stipulation [DE 41],[4] the Court concludes that Plaintiff is bound by the $488.88 figure, making the appropriate amount of post-default interest in this case is 8%, based upon Plaintiff's unchanging assertion in its Complaint.

---

[4] The first item in the "Issues of Fact to be Litigated" section states that: "The actual date of Defendants' default under the applicable loan documents, and the amount of interest and other charges, pre- and post-default, that Plaintiff is entitled to recover from the Borrower and Mogilevsky, and more specifically, the pre-default rate of interest applicable to the loan which is the subject of this action."  If Plaintiff intended to pursue another amount for post-default interest other than the $488.88 figure stated in the Complaint, it should have put Defendant on notice of the higher figure.

### III.  CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that the Court shall enter a Final Foreclosure Judgment consistent with this Order.

**DONE AND ORDERED** in Chambers, at Fort Lauderdale, Broward County, Florida, this 23rd day of February, 2011.

*James I. Cohn*
JAMES I. COHN
United States District Judge

Copies furnished to:
counsel of record on CM/ECF