UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-80120-CIV-COHN/SELTZER

FEDERAL DEPOSIT INSURANCE
CORPORATION, as Receiver for
Hillcrest Bank Florida,

    Plaintiff,
vs.

610 CLEMATIS RETAIL PROPERTIES,
LLC, a dissolved Florida limited liability
company; ILIA MOGILEVSKY,
individually;610 CLEMATIS CONDOMINIUM
ASSSOCIATION, INC., a Florida corporation; and
I.M. ELECTRIC, INC., a Florida corporation;

    Defendants.
_____/

## FINAL JUDGMENT OF FORECLOSURE

**THIS CAUSE** came before the Court on the Stipulation of the Plaintiff, Federal Deposit Insurance Corporation, as Receiver for Hillcrest Bank Florida ("FDIC"), and the Defendant, 610 Clematis Retail Properties, LLC, to the entry of the following Final Judgment, and the Court's separate decision regarding the appropriate pre-default and post-default interest rates.  Whereupon, the Court, having been fully advised in the premises, **ORDERS AND ADJUDGES** as follows:

    1.    This Court has jurisdiction over the parties hereto and the subject matter of this case.

    2.    The real property which is the subject of this case ("the subject property") is located at 610 Clematis Street, Units CU-2, CU-3, CU-4, and CU-5, West Palm Beach, Florida 33401, and is legally described as follows:

> Units CU-2, CU-3, CU-4 and CU-5 of 610 CLEMATIS, a Condominium, according to the Declaration thereof, as recorded in Official Records Book 19653, page 383 of the Public Records of Palm Beach County, Florida, together with an undivided share in the common elements appurtenant thereto.

3.  The FDIC is entitled to the entry of a final judgment of foreclosure on Counts I and II of its Complaint against Defendant 610 Clematis Street Retail Properties, LLC in the amounts set forth below:

| | |
|---|---|
| Principal Balance | $2,199,937.79 |
| Interest through February 23, 2011 | $ 452,886.13 |
| Late Charges | $ 0 |
| Appraisal fee | $ 3,500.00 |
| Attorney's fees | $ 48,696.00 |
| Court costs | $ 3,485.13 |
| **TOTAL** | **$ 2,708,505.05** |

The total amount shall bear interest until the judgment is paid at the statutory rate of 0.29% (28 U.S.C. §1961). The FDIC shall also be entitled to recover such additional costs as may be incurred by it in this action, including but not limited to the sale fee and any costs incurred relative to publishing the Notice of Sale.

4.  The FDIC holds a lien for the total sum superior to the claims or interests of the Defendants 610 Clematis Retail Properties, LLC, 610 Clematis Condominium Association, Inc., I.M. Electric, Inc., and the interests of said Defendants, or anyone claiming any such interest by, through, under or against those Defendants, or anyone

else claiming any interest in the subject property subsequent to the filing of the Notice of Lis Pendens in this case, shall be foreclosed of all estate or claim in the subject property upon the issuance of a Certificate of Sale by the U.S. Marshal.

     5.     If the total sum set forth in paragraph 3 , together with post-judgment interest, and all additional costs incurred by the FDIC subsequent to the entry of this Judgment are not paid, then the U.S. Marshal shall sell the subject property in accordance with 28 U.S.C. §§2001 and 2002 at public sale to the highest bidder by certified check made payable to the United Stated District Court for the Southern District of Florida.  The FDIC shall coordinate a sale date, time and location with the U.S. Marshal's Office in West Palm Beach, with such sale to be conducted no later than 90 days from the date of this Judgment.  Said sale shall not be conducted in the absence of the FDIC's attorney or other representative; any sale held in violation of this directive shall be null and void.  The U.S. Marshal shall give public notice of such sale in the form attached hereto as Exhibit "A", pursuant to 28 U.S.C. §2002, by publication in a newspaper regularly issued and of general circulation in Palm Beach County, once a week for four consecutive weeks, beginning not less than 28 days in advance of the scheduled sale.  Upon completion of the sale, the U.S. Marshal will issue a Certificate of Sale, to be prepared by the FDIC's counsel, and shall file the same in the court file. If the successful bidder is someone other than the FDIC, said bidder shall immediately post with the Clerk of the Court, U.S. District Court, Southern District of Florida ("Clerk") a deposit, in cash or certified funds, a deposit equal to 5% of the final bid.  The deposit shall be applied to the sale price.  The balance of the sale price shall be deposited, in cash or certified funds, no later than 4:30 P.M. on the next business day after the sale

date.  If the 5% deposit is not made, then the next highest bidder shall be the prevailing bidder at the sale, and shall be subject to these requirements.  If the final payment is not made within the time prescribed herein, then the U.S. Marshall shall re-advertise the sale, pay all costs associated therewith from the deposit, and remit the difference to the FDIC to reduce the FDIC's debt.

6. The FDIC shall advance all subsequent costs of this action, and shall be reimbursed for them by the Clerk if it is not the successful bidder at the public sale.  If the FDIC is the successful bidder, then the U.S. Marshal shall credit the FDIC's bid with the total sum set forth in paragraph 3 hereof, together with interest and costs accruing subsequent to this Judgment.  The FDIC shall file a sworn statement attesting to any such additional costs prior to the public sale, and the U.S. Marshal shall credit these sums against the FDIC's bid, in addition to the total sum set forth in paragraph 3 hereof, and additional interest accruing prior to the public sale.

7. The FDIC, either prior or subsequent to the public sale, may assign its rights hereunder to a third party, and the U.S. Marshal is hereby directed to recognize any such assignment without further order of this Court, and to issue a Certificate of Title to any such assignee as directed by the FDIC.  If the FDIC is the successful bidder, and its rights are not assigned to a third party, then the U.S. Marshal is directed to issue a Certificate of Title to the FDIC.

8. On filing the Certificate of Title, the Clerk shall distribute the proceeds of the sale, so far as they are sufficient, by paying: first, all of the FDIC's costs; second, the FDIC's attorney's fees; third, the total sum due to the FDIC less the items paid plus interest at the rate established by law from this date to the date of the sale, said sum to

be paid to the attorney of record for the FDIC; and by retaining any amount remaining pending further order of this Court. The prevailing bidder will be responsible for any documentary stamp taxes associated with recording the Certificate of Title in the Public Records of Palm Beach County, Florida.

9. The successful bidder at the public sale, or their heirs, representatives, successors or assigns, shall be placed in possession of the subject property by the U.S. Marshal upon the issuance of the Certificate of Title. The Clerk is hereby directed to issue a Writ of Possession to the successful bidder for the subject property, if necessary, without further order of this Court.

10. Jurisdiction is reserved to enter any further orders as may be appropriate and necessary. Furthermore, as to Defendant ILIA MOGILEVSKY, this action remains pending, but stayed due to his bankruptcy.

11. The following notice is provided pursuant to Florida Statute §45.031:

**IF THIS PROPERTY IS SOLD AT PUBLIC AUCTION, THERE MAY BE ADDITIONAL MONEY FROM THE SALE AFTER PAYMENT OF PERSONS WHO ARE ENTITLED TO BE PAID FROM THE SALE PROCEEDS PURSUANT TO THIS FINAL JUDGMENT.**

**IF YOU ARE A SUBORDINATE LIENHOLDER CLAIMING A RIGHT TO FUNDS REMAINING AFTER THE SALE, YOU MUST FILE A CLAIM WITH THE CLERK OF COURT NO LATER THAN 60 DAYS AFTER THE SALE. IF YOU FAIL TO FILE A CLAIM, YOU WILL NOT BE ENTITLED TO ANY REMAINING FUNDS.**

**IF YOU ARE THE PROPERTY OWNER, YOU MAY CLAIM THESE FUNDS**

**YOURSELF. YOU ARE NOT REQUIRED TO HAVE A LAWYER OR ANY OTHER REPRESENTATION AND YOU DO NOT HAVE TO ASSIGN YOUR RIGHTS TO ANYONE ELSE IN ORDER FOR YOU TO CLAIM ANY MONEY TO WHICH YOU ARE ENTITLED. PLEASE CHECK WITH THE CLERK OF COURT WITHIN TEN (10) DAYS AFTER THE SALE TO SEE IF THERE IS ADDITIONAL MONEY FROM THE FORECLOSURE SALE THAT THE CLERK HAS IN THE REGISTRY OF THE COURT.**

DONE and ORDERED in Chambers in Fort Lauderdale, Southern District of Florida this 23rd day of February, 2011.

_____
JAMES I. COHN
United States District Judge

Copies furnished to:

Via electronic mail to: James S. Telepman, Esquire, Cohen, Norris, Scherer, Weinberger & Wolmer– **jst@fcohenlaw.com**

Via electronic mail to: Scott Wortman, Esquire, Korte & Wortman, P.A.- **swortman@kwlawfirm.com**

Via U.S. Mail to: David H. Halpern, Esquire, Siegfried, Rivera, et al., 1675 Palm Beach Lakes Boulevard, Suite 500, West Palm Beach, FL 33401